GLENN W. TROST (SBN: 116203)
gtrost@swlaw.com
SNELL & WILMER L.L.P.
350 S. Grand Ave, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for plaintiff Presser Direct, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Presser Direct, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Kelley West,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL** |

As its Complaint in this matter, plaintiff Presser Direct, LLC ("Presser Direct") hereby allege as follows.

**THE PARTIES AND JURISDICTION**

1.　This is a claim arising under the Patent Laws, 35 U.S.C. §§ 1 et seq., and more particularly, 35 U.S.C. § 256, as well as the Declaratory Relief Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1338(a) (Patent).

2.     Plaintiff Presser Direct is a California LLC with its principal place of business in this District in the City of Los Angeles, California.

3.     Defendant Kelley West ("West") is an individual who, on information and belief, resides in this District.

## CLAIM FOR RELIEF

4.     In 2013, Mark A. Presser and Daniel S.C. Kwok (together, "Presser and Kwok") invented a new personal microderm abrasion device. Presser and Kwok assigned their rights in their inventions to Presser Direct, and in 2013 Presser Direct filed an application for design-patent protection and provisional and non-provisional applications for utility-patent protection of those inventions. The design patent issued on August 15, 2015 as U.S. Patent No. D737,441 ("the '441 patent," a copy of which has been attached hereto as Exhibit A). On February 19, 2015, the utility-patent application was published as U.S. Pub. No. 2015/0051620 ("the '480 application," a copy of which has been attached hereto as Exhibit B).

5.     In 2015 West filed a lawsuit in state court in Florida against Presser Direct and other defendants, styled as *Kelley West et al. v. Ira Smolens, et al.*, Palm Beach County Circuit Court Case No. 2015CA005720. West's Amended Complaint in that action alleges, *inter alia*, that Presser Direct's patent applications are "false" and that she is in fact the sole inventor of the inventions described in those applications. Among the relief West seeks in that action is an assignment of the '480 application, "as well as any other patent applications filed for the Products anywhere else throughout the world."

6. West's allegations of inventorship are false. Moreover, Section 256 of the Patent Act provides a remedy where an error in the inventors named in an issued patent, such as the '441 patent, is asserted to exist.

7. Because West's allegation of inventorship gives rise to a claim for correction under Section 256 of the Patent Act, neither the Florida court nor any other state court has subject-matter jurisdiction to adjudicate the issues. 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents …."). Instead, the exclusive judicial forum to resolve claims based on the allegation of the error of omitting inventors or naming persons who are not inventors is in this Court or in some other District Court. 28 U.S.C. § 1338(a); 35 U.S.C. § 256(b).

8. Because her state-court claims based on asserted inventorship must necessarily fail for lack of subject-matter jurisdiction, Presser Direct has a reasonable apprehension that West will bring an action under Section 256 of the Patent Act in order to vindicate her allegation of being the sole inventor of the '441 patent.

9. Presser Direct also has a reasonable apprehension that if it ever seeks to enforce the '441 patent against an infringer, that infringer will assert as a defense an error in the named inventors. This uncertainty will persist until such time as West's allegations are adjudicated to be false.

## **PRAYER**

WHEREFORE, Presser Direct prays for the following relief herein:

3

1. Judgement declaring (a) that Presser and Kwok are the true inventors of the inventions claimed in the '441 patent and of the inventions described in the '480 application; and (b) that West is not an inventor of any such invention;

2. To the extent that there is any error in the naming of the inventors of the '441 patent, an order under 35 U.S.C. § 256(b) directing that any necessary correction be made;

3. Preliminary and permanent injunctive relief against West's attempts to have the inventorship issue adjudicated in a form lacking subject-matter jurisdiction;

4. A determination that this is an exceptional case under 35 U.S.C. § 285 and awarding reasonable attorney fees to Presser Direct; and

5. Such other relief as the Court deems just and proper.

Dated: July 13, 2016

SNELL & WILMER L.L.P.

By: *Glenn W. Trost*
Glenn W. Trost

Attorneys for Plaintiff Presser Direct, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff Presser Direct, LLC ("Presser Direct") hereby demands trial by jury as to all issues so triable.

Dated: July 13, 2016

SNELL & WILMER L.L.P.

By: /s/ Glenn W. Trost
Glenn W. Trost

Attorneys for Plaintiff Presser Direct, LLC